```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

BLENHEIM GROUP, LLC                : HONORABLE JEROME B. SIMANDLE
          Plaintiff,               :
                                   : Civil No. 10-5986 (JBS-JS)
     v.                            :
                                   :
JT USA, LLC, et al.,               :
                                   : **OPINION**
          Defendants.              :

APPEARANCES:

William H. Grae, Esq.
THE CHARTWELL LAW OFFICES, LLP
75 Main Street
Millburn, NJ 07041
     Attorney for Plaintiff

Arthur M. Rosenberg, Esq.
KANE KESSLER, P.C.
433 Hackensack Avenue
Hackensack, NJ 07601-6319
     Attorney for Defendants JT USA, LLC, JT Sports, LLC, and K2
     Inc.

Ryan W. O'Donnell, Esq.
Michael F. Snyder, Esq.
Kristine L. Butler, Esq.
VOLPE AND KOENIG, P.C.
United Plaza
30 South 17th St.
Philadelphia, PA 19103
     Attorneys for Defendant KEE Action Sports, LLC

**SIMANDLE**, District Judge:

I.   **INTRODUCTION**

     Plaintiff, Blehnheim Group, brought this action for false

patent marking under 35 U.S.C. § 292 against Defendants JT USA,

LLC, Kee Action Sports, LLC, JT Sports, LLC, K2 Inc., and several other as-yet-unidentified individuals and corporations.  This matter is currently before the court on Defendants' motions to dismiss for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6), Fed. R. Civ. P.  [Docket Items 21, 23.]  In light of the Federal Circuit's recent opinion, In re BP Lubricants USA Inc., 537 F.3d 1307 (Fed. Cir. 2011), the Court will grant Defendants' motions to dismiss the complaint without prejudice to Plaintiff moving for leave to amend.

## II.  BACKGROUND

Under 35 U.S.C. § 292, any person or company which falsely uses the word "patent" with intent to deceive the public is subject to a fine of up to $500 for each such offense.[1]  Further, the statute provides for so-called qui tam actions.[2]  Cases

---

[1] "Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article the word 'patent' or any word or number importing the same is patented, for the purpose of deceiving the public . . . [s]hall be fined not more than $500 for every such offense."  35 U.S.C. § 292(a) (1994).  "Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States."  35 U.S.C. § 292(b) (1994).

[2] After the Latin, qui tam pro domino rege quam pro se ipso in hac parte sequitur.  "Who as well for the king as for himself sues in this matter."  Black's Law Dictionary 1368 (9th ed. 2009).  In other words, a private party need not have been actually harmed to sue under the statute.  If a private party successfully sues on behalf of the government, the party keeps half of the damages awarded with the other half going to the

involving false marking increased dramatically after the Federal Circuit Court of Appeals' decision in Forest Group, Inc. v. Bon Tool Co., 590 F.3d 1295 (Fed. Cir. 2009).  In Forest Group, the Federal Circuit ruled that the $500 penalty applies on a per article basis, as opposed to a single fine for each decision to falsely mark.[3]  590 F.3d at 1301.

    Defendants are involved in the marketing, distribution and sale of paintball products.  As part of these activities, they sought and obtained four patents for the designs of facemasks and protective goggles, which the U.S. Patent and Trademark Office granted between the years 1985 and 1997.  It is uncontested that each of these patents expired between February 12, 1999 and July 1, 2001.  Plaintiff, Blenheim Group, alleges and Defendants do not contest that they continued to mark their products with the patent numbers associated with these four patents even after their expiration.  (Brief in Supp. of Defs.' Mot. to Dismiss, 3.)  The parties dispute, however, whether Defendants had the requisite intent to violate § 292.

---

government.  35 U.S.C. § 292(b) (1994).

    [3] Compare Süd-Chemie, Inc. v. Multisorb Technologies, Inc., 3:03CV-29-S, 2004 WL 755399, at *1, *5 (W.D. Ky. Mar. 22, 2004) (finding that "continuous markings over a given time constitute a single offense") (internal citations omitted) with King Tuna, Inc. v. Anova Food, Inc., CV07-0451, 2011 WL 839378, at *1, *7 (C.D. Cal. 2011) (awarding damages on a per article basis).

After Blenheim Group filed its Complaint, Defendants filed a Motion to Dismiss under Rule 12(b)(6).  The preliminary issue is whether to apply Rule 8(a) or Rule 9(b) to the assessment of the pleadings.  As explained in more detail below, Rule 9(b) is the applicable standard.  However, because the primary issue in this case revolves around Defendants' intent (as opposed to the circumstances of the alleged fraud), whether Rule 8(a) or Rule 9(b) applies is immaterial; both rules use the same standard to evaluate allegations of intent.  See infra note 5.  More precisely, Rule 9(b) borrows the Rule 8(a) standard, as articulated in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), to evaluate allegations of intent.

Thus, the dispositive question is whether Plaintiff's allegations that each Defendant is a "sophisticated company" provides sufficient factual detail to plausibly infer Defendants' intent to mark their products with expired patents.  This Court holds that such an allegation, standing alone, does not supply enough factual information to meet Plaintiff's burden under Rule 8(a), and it therefore fails under Rule 9(b) as well.

**III. DISCUSSION**

    **A.   Rule 8(a) or 9(b)**

The Federal Circuit has identified four elements to a § 292

4

claim: "(1) a marking importing that an object is patented (2) falsely affixed to (3) an unpatented article (4) with intent to deceive the public." Clontech Lab. Inc. v. Invitrogen Corp., 406 F.3d 1347, 1351 (Fed. Cir. 2005) (internal quotations and citations omitted).

Until recently, there was disagreement among district courts as to whether the sufficiency of complaints brought under 35 U.S.C. § 292 should be evaluated according to the requirements of Rule 8(a) or the heightened pleading requirements of Rule 9(b). Significantly, Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b), Fed. R. Civ. P.

The Federal Circuit recently ruled on just this issue, holding that Rule 9(b) applies to claims brought under § 292. BP Lubricants USA, 537 F.3d at 1311. In a related area of law, the False Claims Act, the Federal Circuit found that "every regional circuit has held that a relator must meet the requirements of Rule 9(b) when bringing complaints on behalf of the government."[4] Id. at 1310. Given the similarity between the two Acts — both

---

[4] A relator is a private person bringing suit on behalf of the government.

condemn fraudulent or false marking, require Rule 9(b)'s gatekeeping function to ensure only viable claims proceed and allow qui tam actions -- the Federal Circuit saw "no sound reason to treat § 292 actions any differently." Id. at 1311.

The purpose of Rule 9(b)'s heightened pleading requirements is to "place the defendant on notice of the precise misconduct with which [it is] charged." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (internal quotations and citations omitted). As the Federal Circuit explained, Rule 9(b) "acts as a safety valve to assure that only viable claims alleging fraud or mistake are allowed to proceed to discovery. By eliminating insufficient pleadings at the initial stages of litigation, Rule 9(b) prevents relators using discovery as a fishing expedition." BP Lubricants USA, 537 F.3d at 1310. These policy considerations apply with equal force to false patent mark claims as to other areas of fraud.

### 2. Intent

To satisfy the pleading requirements of Rule 9(b), the party must state with particularity the circumstances surrounding the fraud. This requirement is satisfied if the plaintiff "plead[s] or allege[s] the date, time and place of the alleged fraud or otherwise inject[s] precision or some measure of

substantiation into a fraud allegation." Frederico, 507 F.3d at 200. Plaintiff has pleaded the circumstances of the fraud with particularity, having identified the relevant parties, patents, and dates of expiration.

Plaintiff failed, however, to allege Defendants' intent with sufficient detail. Rule 9(b) does state that allegations of intent may be alleged generally. But "generally," as it is used in Rule 9, simply indicates that intent to defraud should not be evaluated under an elevated pleading standard. Rather, the "less rigid -- though still operative -- strictures of Rule 8" apply. Aschroft v. Iqbal, 129 S.Ct. at 1954. There must still be "sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind."[5] Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1327 (Fed. Cir. 2009).

Plaintiff's reliance on the Federal Circuit's decision in Pequignot v. Solo Cup Co., 608 F.3d 1356 (2010), to support its claim of deceptive intent is misguided. Citing Pequignot, 608 F.3d at 1362-3, Plaintiff argues that "[t]he presence of false

---

[5] If a plaintiff's complaint under § 292 describes with particularity the circumstances of the false marking, whether or not Rule 8(a) or Rule 9(b) applies to the intent requirement is irrelevant. The Supreme Court explained in Ashcroft v. Iqbal that the part of Rule 9, which states conditions of mind may be "averred generally," is the equivalent of applying Rule 8. 129 S.Ct. at 1954.

7

mark together with knowledge of the mark's falsity gives rise to a rebuttable presumption of intent to deceive the public." (Brief in Opp'n to Defs.' Mot. to Dismiss, 10.)  Indeed, in Pequignot, the Federal Circuit held that "a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public."  608 F.3d at 1362-3.  However, in BP Lubricants USA, the Federal Circuit explained that pleading facts which "activate the Pequignot presumption" is itself just one "factor in determining whether Rule 9(b) is satisfied; it does not, standing alone, satisfy Rule 9(b)'s particularity requirement."  BP Lubricants USA, 637 F.3d at 1313.

In this case, Plaintiff's sole assertion relevant to intent derives from Defendants' alleged status as "sophisticated company[ies] with experience manufacturing and/or marketing patented devices for sale to the general public."  (Compl. Count I ¶¶ 77-82, Compl. Count II ¶¶ 96, 98-102, Compl. Count III ¶¶ 116-121, Compl. Count IV ¶¶ 135-140, Compl. Count V ¶¶ 154-159.)  Because of Defendants' sophistication, Plaintiff argues Defendants knew or should have known when their patents expired.  The Federal Circuit expressly rejected this reasoning in BP Lubricants USA: "That bare assertion [that a company is sophisticated] provides no more of a basis to reasonably

8

distinguish a viable complaint than merely asserting the defendant should have known the patent expired. Conclusory allegations such as this are not entitled to an assumption of truth at any stage in litigation." 537 F.3d at 1312 (internal citations omitted).

Plaintiff correctly contends that creating a reasonable inference of intent does not require pleading that individual actors had knowledge of the patents' expiration. However, as the Federal Circuit explained, there are other ways of demonstrating such intent: "[A] relator can, for example, allege that the defendant sued a third party for infringement of the patent after the patent expired or made multiple revisions of the marking after expiration."[6]  Id.  Additionally, the relator could show intent by alleging that defendant obtained a copy of the patent from the U.S. Patent and Trademark Office or that defendant systematically removed expired patent markings from its products with the exception of the patent(s) in question.

---

[6] In its Brief in Opposition of Defendants' Motion to Dismiss, Plaintiff asserts that the U.S. Patent and Trademark Office sent several notices to Defendants regarding unpaid fees for Patent 5,642,530 and that legal teams likely reviewed the worth and continued validity of these patents in connection to corporate transfers. (Brief in Opp'n of Defs.' Mot. to Dismiss, 1-2, 5). However, none of these facts were alleged in the complaint, and "we do not consider after-the-fact allegations in determining the sufficiency of . . . complaint[s] under Rules 9(b) and 12(b)(6)." Frederico, 507 F.3d at 201-2.

9

**IV. CONCLUSION**

Because Plaintiff has not pleaded facts with sufficient detail with respect to Defendants' intent, Plaintiff's complaint fails to satisfy the requirements set forth in Rule 9(b). Defendants' motions for dismissal under Rule 12(b)(6) shall be granted without prejudice to Plaintiff moving for leave to amend. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410 (3d Cir. 1997).  The accompanying Order is entered.


**July 26, 2011**                                      **s/ Jerome B. Simandle**
Date                                                   JEROME B. SIMANDLE
                                                       U.S. District Judge